PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAURICE A MAY-DILLARD, ) | |
| ) | CASE NO. 1:15cv2252 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| DISTRICT ATTORNEY OF THE ) | |
| COUNTY OF CUYAHOGA, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** |

On November 2, 2014, *pro se* petitioner Maurice A. May-Dillard filed the instant habeas corpus action under 28 U.S.C. § 2254. Petitioner seeks to challenge his Cuyahoga County convictions in 1994 for kidnapping and aggravated robbery, and his 1998 Warren County conviction for possession of a deadly weapon while under detention. Petitioner has also filed a motion to proceed *in forma pauperis*. ECF No. 4. His motion is granted; however, for the reasons that follow, the petition is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

As grounds for the petition, May-Dillard asserts that: (1) his detainment is illegal because the Cuyahoga County trial court promised him probation in 1994 and stated on the record that it lacked jurisdiction, (2) his institutional file was "deactivated," and (3) in 1994, someone who

(1:15cv2252)

was not May-Dillard with five aliases was placed in custody in the Cuyahoga County Sheriff Department's Psychiatric Unit.

Even construing the petition liberally, none of the foregoing grounds sets forth a constitutional basis which might be entitle petitioner to release. As such, this case must be dismissed for failure to raise an issue cognizable in habeas corpus.

Accordingly, the petition is denied pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253.


    IT IS SO ORDERED.


|  December 16, 2015 |  /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |